UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONNIE BROWN,                    )
                                 )
        Petitioner,               )
                                 )
    v.                           )    No. 4:07 CV 446 DDN
                                 )
JAMES PURKETT,                   )
                                 )
        Respondent.               )

## **MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Ronnie Brown for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Brown's motion for the appointment of counsel (Doc. 4), and his motion to hold this action in abeyance (Doc. 12). All parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.)

## **BACKGROUND**

On January 3, 2002, petitioner was indicted on charges of first degree murder and armed criminal action in the Circuit Court of the City of St. Louis. (Doc. 11, Ex. 2 at 1.) On March 17, 2003, petitioner pleaded guilty to charges of second degree murder and armed criminal action. (Doc. 1 at 1.) Pursuant to the plea agreement, the Circuit Court sentenced the petitioner to two concurrent life sentences. (Doc. 11, Ex. 2 at 9-11, 39.)

On June 13, 2003, petitioner filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. In that motion, he alleged that his guilty plea was involuntary and unknowing because of ineffective assistance of his plea counsel. More specifically, he alleged that (a) counsel failed to conduct any adequate investigation, which would involve defense witness Carlos Holmes; and (b) counsel failed to file a motion to suppress petitioner's confession. (Id. at 50-58.)

Thereafter, counsel was appointed to represent petitioner and an amended motion for post-conviction relief was filed. That motion alleged the following:

1. Petitioner's counsel rendered constitutionally ineffective assistance, because:

    a. counsel failed to inform him of the maximum sentence he faced for the armed criminal action;

    b. counsel failed to investigate Carlos Holmes as a defense witness;

    c. counsel failed to move to suppress his confession; and

    d. counsel failed to determine whether petitioner was competent to proceed.

2. The circuit judge at the guilty plea failed to personally address petitioner and inform him of the maximum sentence he could receive for the armed criminal action, as required by Missouri Supreme Court Rule 24.02.

(Id. at 64-72.)

The circuit court conducted an evidentiary hearing in which petitioner and his trial counsel testified. Petitioner testified that Carlos Holmes and Hakeem Saye could have provided an alibi defense at trial; that his attorney told him he spoke with Holmes and that calling him as a witness would not do any good; that, on the day set for the trial, witness Saye did not appear at court and defense counsel moved for relief from the court; that petitioner exercised his right to remain silent during the confession interview; that, if his counsel had gotten Holmes as a witness or moved to suppress the confession, petitioner would not have pled guilty; and that the circuit judge did not inform petitioner of the maximum punishment he could receive for the armed criminal action. (Id., Ex. 1.)

Following the hearing, the circuit court denied the motion for post-conviction relief. In doing so, the court described the guilty plea proceedings and found that petitioner understood the proceedings and voluntarily pled guilty. The court also described petitioner's testimony and the testimony of his plea counsel, at the hearing. The court found that petitioner was advised of the potential length of sentence during the guilty plea proceedings; that petitioner's counsel

had a valid strategic reason for not calling Carlos Holmes as a witness; that petitioner's hearing testimony about the involuntary nature of the confession was not credible; and that the claim that his counsel did not investigate petitioner's competency was not supported by the hearing evidence. The circuit court denied post-conviction relief. (Id., Ex. 2 at 82-89.)

Upon appeal from the denial of post-conviction relief, petitioner raised only the arguments that the circuit court, during the guilty plea proceeding, failed to inform petitioner that the maximum sentence for the armed criminal action was an unspecified term of years up to and including 150 years. (Id., Ex. 3 at 8.)

The Missouri Court of Appeals affirmed the decision solely as to the point appealed. (Doc. 11, Ex. 5); Brown v. State, 208 S.W.3d 921 (Mo. Ct. App. 2006) (per curiam). The court of appeals stated:

> [Petitioner] does not dispute that he was advised and understood that the range of punishment for armed criminal action is a "minimum sentence of three years, no maximum term, or life imprisonment and that is life imprisonment with parole." Rather, he contends the court did not personally inform him that, for armed criminal action, he could be sentenced to a term of years that would exceed his natural life.
>
> Nothing in Rule 24.02 requires the court to give an example of years that a defendant could receive for a crime that has no maximum term set by the legislature . . . .
>
> Here, [petitioner] cannot show that he was prejudiced by the plea court's failure to advise him that he could receive a sentence of 150 years or more for the armed criminal action. It is clear from the record and [petitioner] does not dispute that he was advised and understood at the time he pled guilty that for armed criminal action he could receive a sentence of life imprisonment with the possibility of parole and that is exactly the sentence he received. [Petitioner's] claim that his plea was involuntary is directly refuted by the record.

(Id., Ex. 5 at 3-4).

On March 5, 2007, petitioner filed his pro se petition for a writ of habeas corpus with this court. His petition alleges one ground for federal habeas relief: The state circuit court "failed to inform the Petitioner of the maximum range of punishment for armed criminal action

-3-

as required by [Missouri Supreme Court] Rule 24.02." Petitioner further alleges:

> Petitioner was prejudiced because without understanding the maximum range of punishment for armed criminal action, he pled guilty to the reduced charge of a class A felony of murder in the second degree and armed criminal action and received two concurrent life sentences. The Petitioner's plea was consequently unknowing, unintelligent and involuntary. Thus, the Motion Court's ruling denied the Petitioner his right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, to the Missouri Constitution.

(Doc. 1 at 15.)

Respondent argues that the record contradicts the sole claim in question, that the Missouri Court of Appeals made a finding of fact that the petitioner understood the range of punishment regarding his plea, and that the petitioner cannot demonstrate prejudice. (Doc. 10 at 6-7.)

On June 25, 2007, petitioner filed a motion for a stay and abeyance. (Doc. 12.) Petitioner requests the stay and abeyance in order to exhaust state remedies for additional claims that would then be amended into the current petition. ( Id.)

## DISCUSSION

### Motion for the appointment of counsel

Petitioner has moved for the appointment of counsel. (Doc. 3.) Petitioner has no right under the Constitution or any applicable statute to the appointment of counsel in this habeas corpus case. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000). Within the discretion of the court, counsel may be appointed after consideration of factors which include the factual and legal complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006); Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000); Hortiz v. Dormire, No. 4:05 CV 1763 ERW TCM, 2006 WL 2423097, at *1 (E.D. Mo. Aug. 22, 2006).

After considering these factors and the record in this case, the court concludes that the petitioner has clearly articulated his

allegations and the supporting facts. The facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Petitioner has filed a clearly drafted habeas petition and traverse.

The motion for the appointment of counsel is denied.

### Motion for Stay and Abeyance

Petitioner has moved for a stay of this action so that he can exhaust state remedies on other claims that he wishes to add to the instant petition. Petitioner relies upon Rhines v. Weber, 544 U.S. 269 (2005).

In Rhines, the Supreme Court addressed the propriety of stay and abeyance orders as they apply to mixed habeas corpus petitions (i.e. those that contain both exhausted and unexhausted claims). Id. In this case, the sole claim pending in the instant petition is exhausted. Therefore, Rhines does not apply. See Willen v. Kemna, No. 4:04 CV 144 RWS, 2007 WL 270939, at *2 (E.D. Mo. Jan. 25, 2007).

Even if Rhines did apply, relief would not be warranted. The Court limited the use of stay and abeyance to "limited circumstances." Rhines, 544 U.S. at 277. Entitlement to a stay requires consideration of whether petitioner had good cause for his failure to exhaust, whether his unexhausted claim is "plainly meritless," whether that claim is potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. Regarding the first factor, the Court made plain that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277 (emphasis added).

Petitioner has alleged no unexhausted claim in this federal habeas action, he has not indicated specifically what unexhausted claim or claims he would present to the state courts and then to this court, he has not stated why the state courts would take up any unexhausted claims at this time, and he has not shown good cause for his failure to present any claim to the state court. Since the requirement of good cause is not satisfied, stay and abeyance is not appropriate.

### Merits of petitioner's ground for relief

Petitioner Brown alleges one ground for relief in this habeas action: He was denied due process because the circuit court did not properly inform him of the maximum range of punishment to which he subjected himself when he pled guilty to the armed criminal action. (Doc. 19 at 3.)

### Standard of Review

This court's review of the merits of a state court decision is limited to determining whether the adjudication of the alleged claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 limits the scope of federal habeas corpus review in order to expedite the proceedings and provide the appropriate deference to state court decisions. Nicklasson v. Roper, 491 F.3d 830, 833 (8th Cir. 2007), petition for cert. filed, (Dec. 21, 2007) (No. 07-8434). Additionally, there is a presumption that the determination of facts by the State are correct, unless the petitioner can rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A guilty plea, such as petitioner's, must be demonstrated by the record to have been knowing, intelligent, and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). These facts may be founded upon information provided to the defendant by the court or by his counsel in advance of the plea. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). However, habeas relief may be available if petitioner could not have understood the terms of the plea agreement. Id. at 186.

### Disposition

In a constitutional guilty plea, the defendant must know, among other facts, the consequences of his plea, e.g., the range of the allowable punishments he is facing. Iowa v. Tovar, 541 U.S. 77, 81

(2004). Even receiving a plea greater than expected due to counsel's expectation does not make the plea unknowing or involuntary, as long as the defendant is informed of the range of punishment. United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006).

In this case, the record reflects that petitioner was informed of the ranges of punishment for the charges to which he pleaded guilty:

THE COURT:
    What's the range of punishment for this crime?

MR. CRADDICK [the prosecutor]:
    Your Honor, the amended charge, murder in the second degree, is a Class A felony, punishable by a minimum of ten years, maximum of thirty years or life imprisonment. That's life imprisonment with parole. The armed criminal action is a minimum of three years, no maximum term, or life imprisonment; and that is life imprisonment with parole.

Q    (By the Court) You understand that?

A    [Petitioner] Yes.

Q    And, so, the only key here is one is with parole and the other is without. You understand that?

A    Yes.

Q    And, I have already discussed this with you. What happens if you get lucky enough to get paroled after twenty-five years, how long you going to be on parole?

A    Rest of my life.

Q    That's what I told you, right?

A    (Nods affirmatively.)

(Doc. 11, Ex. 2 at 35-36.) Because the record establishes that petitioner was informed that the maximum range in his particular case was life imprisonment with parole, the state circuit court decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

The Missouri Court of Appeals made a similar finding of fact regarding petitioner's valid understanding of the range of punishment. Petitioner has not made a showing by clear and convincing evidence to rebut the presumption of correctness granted to this finding.

Therefore, the state court decision was not based on an unreasonable determination of the facts in light of the evidence presented.

Since petitioner's claim does not meet either of the elements of the statute, the claim must fail on the merits. This action is dismissed on its merits. An appropriate Judgment Order is issued herewith.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 21, 2008.